ABRAHAM ROSENTHAL, Respondent, v. STELLA GREENEBAUM and Others, Appellants, Impleaded with Others, Defendants.— Judgment affirmed, with costs. No opinion. Jenks, P. J., Thomas, Mills, Putnam and Blackmar, JJ., concurred.

HARRY S. RUBENS, an Infant, by JAMES RUBENS, His Guardian ad Litem, Respondent, v. THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.— Judgment reversed and new trial granted, costs to abide the event, upon the ground that the evidence does not show that the defendant was negligent. In that regard the case differs from *Wahrman* v. *Board of Education* (187 N. Y. 331), where the ceiling by reason of its condition was obviously and imminently dangerous, and the defendant, knowing the fact, used the room for the purpose of discharging the very duties the law had placed upon it. In the present instance the defendant had no actual notice of the gas box in the yard, which was obscured and remote, and the event of a student stumbling over it under the circumstances was not so expectable that the defendant was required to search in the grass lest some impediment lurked there. In the present instance we do not regard the defendant as responsible for any culpability attached to the officers whose duty concerned the installation or maintenance of the gas pipe. Jenks, P. J., Thomas, Stapleton, Putnam and Blackmar, JJ., concurred.

MYRTLE STAINTON, Appellant, v. MALCOLM ROSS MATHESON, Individually and as Trustee, etc., Respondent.— Order affirmed by default, with ten dollars costs and disbursements. Jenks, P. J., Thomas, Mills, Putnam and Blackmar, JJ., concurred.

SYLVESTER THOMPSON, Respondent, v. HOLT-CHANDLER COMPANY, Appellant.— Judgment and order reversed, with costs, and complaint dismissed, with costs, upon the ground that it affirmatively appeared by the testimony of plaintiff's witness Jones, the driver of defendant's automobile, that at the time of the accident he was not engaged in defendant's business. Jenks, P. J., Stapleton, Mills, Putnam and Blackmar, JJ., concurred.