HAROLD WEST, as Guardian ad Litem of HARRIET V. WEST, an Infant, et al., Respondents, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.

First Department, June 18, 1959.

*Robert L. Ellis* of counsel (*Seymour B. Quel* with him on the brief; *Charles H. Tenney, Corporation Counsel,* attorney), for appellant.

*Abraham Epstein* of counsel (*Max A. Chodosh,* attorney), for respondents.

*Per Curiam.* The Board of Education of the City of New York, defendant in this negligence action, appeals, pursuant to leave granted by this court, from an order of the Appellate Term which unanimously affirmed, without opinion, a judgment of the City Court, Bronx County, in favor of the plaintiffs entered upon a unanimous verdict after trial before a court and jury.

The evidence establishes that the infant plaintiff, then six years old and a first year student at Public School No. 9 located in Bronx County, on May 21, 1951, sometime in the morning, in response to a direction from the teacher addressed to her and several of her fellow pupils, picked up a paper bag with her left hand. She felt a sharp pain in her thumb and then observed that the paper bag which she had picked up contained a broken soda bottle and a wax paper sandwich wrapper. A piece of glass stuck in the infant plaintiff's thumb. It was pointed and about one and one-half inches in length.

We hold that the plaintiffs failed to establish that the latent danger was reasonably foreseeable in the exercise of reasonable care in supervising the infant plaintiff under the circumstances. (*Rubens* v. *Board of Educ. of City of N. Y.,* 179 App. Div. 914.) " The risk reasonably to be perceived defines the duty to be obeyed ". (*Palsgraf* v. *Long Is. R. R. Co.,* 248 N. Y. 339, 344.)

The instant case is distinguishable from *Applebaum* v. *Board of Educ. of City of N. Y.* (272 App. Div. 875, affd. 297 N. Y. 762). There, the student, 11 years of age, was injured when a window pole she was carrying, at the direction of the principal of the

school, struck a lighting fixture causing the broken glass to fall upon her. In *Applebaum,* the danger was apparent. Here, the offending glass was not apparent and its presence not otherwise suggested.

The determination of the Appellate Term and the judgment of the City Court should be reversed, on the law, and the complaint dismissed, without costs.

BOTEIN, P. J., M. M. FRANK, MCNALLY, STEVENS and BERGAN, JJ., concur.

Determination of the Appellate Term appealed from, and the judgment of the City Court of the City of New York, Bronx County, unanimously reversed, upon the law, and judgment is directed to be entered in favor of the defendant dismissing the complaint, without costs.