JOHN LUIS, an Infant, by His Father and Natural Guardian SILVESTRE S. LUIS, et al., Respondents, v CHURCH OF ST. ANGELA MERICI, Appellant.

First Department, June 3, 1976

*Joseph D. Ahearn* of counsel *(Daniel J. Coughlin,* attorney), for appellant.

*Daniel J. Friedman* for respondents.

CAPOZZOLI, J. The facts are fully set forth by our dissenting colleague and I shall confine this writing to the law involved.

It is settled law that the issue of proximate cause presents a question of fact for the jury and, of course, must be decided on the particular facts of each case. As was said by the court in *Selleck v Board of Educ. of Cent. School Dist. No. 1* (276 App Div 263, 267):

"Whether the failure of the defendants in these respects was a proximate cause of the accident is an issue over which reasonable minds might differ, and hence an issue of fact arose which was for the jury to resolve."

In accordance with this principle, in the case before us the trial court properly instructed the jury as follows: "A school, acting through its administrators and teachers, and other employees, has a duty to exercise reasonable care for the safety and provide general supervision to protect pupils against dangers of which it is aware. The first question for you to consider, therefore, is whether, in light of these steps which have been described to you, their physical condition and layout, the size, age, and mental capacity of the boy, the size and weight of the cartons of milk which have been described, having those things in mind, you must consider whether they were such as to reasonably make it necessary for this school to supervise the activities in which it had suggested that the boy take part."

In the case of *Applebaum v Board of Educ. of City of N.Y.* (272 App Div 875, affd 297 NY 762) the infant plaintiff was injured while carrying out an order of the principal to obtain a window pole and open some windows. It seems that, after having opened two windows, the plaintiff then walked towards the door, carrying the window pole in front of her. The pole, which was seven feet high, struck an electric light globe, hanging from the ceiling, breaking the glass, which struck plaintiff on the face and hands. The judgment in favor of the plaintiff was affirmed by our court, with one dissent. It is interesting to note that the reasons given by the dissenting Judge in that case are similar to the reasons set forth by our dissenting colleague in this case.

In the case of *Feuerstein v Board of Educ. of City of New York* (202 NYS2d 524, affd 13 AD2d 503) a student, 14 years of age, was assigned by his teacher to be a stockroom monitor. He was required, among other things, to carry supplies and books from one part of the school to another. After a trial

without a jury the court awarded damages to him for ill effects suffered by the plaintiff by virtue of the work that he had been directed to perform. At page 528 the trial court said: "Children are sent to schools to be taught and not used as stockroom clerks where such work takes them away from their classrooms and requires them to perform duties not in the educational field."

In *Hoose v Drumm* (281 NY 54) the action was brought against the school trustees instead of the teachers. The court affirmed a judgment in favor of the defendants, but, in discussing the duty owed by a teacher to a pupil, it said (pp 57-58) as follows: "Teachers have watched over the play of their pupils time out of mind. At recess periods, not less than in the class room, a teacher owes it to his charges to exercise such care of them as a parent of ordinary prudence would observe in comparable circumstances. * * * The effective cause of the plaintiff's injuries was a failure to protect the boys against themselves. Any dereliction in this aspect was the fault of the teachers, for which the trustees cannot be held to answer to plaintiff."

For the reasons above stated the interlocutory judgment of the Supreme Court, Bronx County, should be affirmed, with costs.

MURPHY, J. (dissenting). I disagree and vote to reverse the interlocutory judgment on appeal and to dismiss the complaint.

On the critical day in issue, September 22, 1971, the 13-year-old plaintiff, an eighth grader at defendant's grammar school, was requested, with a companion, to bring in the milk from the inner yard (where it had been left by the supplier) to the cafeteria. Each carton was about 18 inches wide, a foot long and a foot high and was filled with 35 half-pint containers of milk.

To reach the cafeteria, plaintiff had to walk down two separate concrete flights of stairs, one of about 5 or 6 steps and the other of about 15 to 20 steps.

The boys had an uneventful trip on the first delivery. On the second trip, plaintiff took two crates (while his companion took only one) and claims he tripped on a bottle "approximately three steps from the bottom" of the second staircase, which shattered after contact. Sister Fane, the principal of the school, went to the site as soon as she learned of the accident.

Plaintiff told her, "I fell"; and she saw no broken glass in the area.

At the end of plaintiffs' case, the court dismissed the complaint insofar as it alleged negligence predicated on the presence of a foreign substance because of the conceded absence of any actual or constructive notice thereof, but it refused defendant's request to dismiss the complaint and, instead, submitted the question of liability to the jury on the theory of actionable lack of supervision. In so doing I believe reversible error was committed.

While the Trial Judge correctly charged the jury as to the law respecting defendant's supervisory obligations (in the paragraph immediately following the one quoted by the majority), no charge at all should have been given and the complaint should have been dismissed as a matter of law.

Defendant is not an insurer of the safety of the children attending its school. *(Ohman v Board of Educ. of City of N. Y., 300 NY 306.)* Nor is it liable for every unforeseeable occurrence. *(West v Board of Educ. of City of N. Y., 8 AD2d 291.)* If, as here, liability cannot be based on some subsisting defective or negligent condition, I fail to see how it can be grounded solely on some amorphous claim of "lack of supervision." Clearly, the task assigned to plaintiff was not inherently dangerous, nor one which would ordinarily require a supervisor's attendance.

*Applebaum v Board of Educ. of City of N.Y.* (272 App Div 875, affd 297 NY 762) is factually distinguishable from the instant action despite the solace the majority draws from the similarity of reasons given in the dissenting opinions here and by Judge VAN VOORHIS in the above-cited case. In *Applebaum* the danger was apparent while in the case at bar it has been conceded that defendant had no notice of the alleged bottle. (See *West v Board of Educ. of City of N.Y.,* 8 AD2d 291, 292- · 293, *supra.)*

Equally inapposite are *Feuerstein v Board of Educ. of City of N.Y.* (202 NYS2d 524, affd 13 AD2d 503) and *Hoose v Drumm* (281 NY 54).

In *Feuerstein,* plaintiff was assigned as a stockroom monitor to, among other things, carry heavy cartons from one portion of the school to another and to an annex. During a two or three-day interval when plaintiff and others did stockroom work to the exclusion of classroom activities "the plaintiff, a 95-pound frail, pallid youngster, whose paleness and frailty

had been noted by his homeroom teacher and by the Assistant Principal * * * experienced several episodes of heart pain while carrying and/or lifting packages and supplies." (202 NYS2d, at p 526.) On the following day, while again assigned to the same task, he experienced chest pains in the area of the heart, became dizzy and nauseous and told the Assistant Principal of his discomfort and that the cartons were too heavy. Her advice was to continue the task with an assistant. After again suffering similar pain and so notifying the Assistant Principal, she suggested that plaintiff store supplies in the art room on shelves seven tiers high with the aid of a chair to reach the highest shelf. Under the facts there presented, which bear no resemblance to the instant situation, a judgment against the defendant was clearly appropriate.

In *House,* plaintiff was injured by a goldenrod stalk thrown by another pupil. The Court of Appeals affirmed the dismissal of a complaint charging the trustees of the school district with failing to establish proper rules in respect of the play of pupils during recess time. The holding in that case as well as the dictum in its closing paragraphs (quoted by the majority herein) was later sharply limited in *Ohman v Board of Educ. of City of N. Y.* (300 NY 306, 310, *supra)* wherein the court stated, with equal applicability to our case: "This is one of those events which could occur equally as well in the presence of the teacher as during her absence."

Finally, if plaintiff's own evidence is credited, the proximate cause of the accident was the presence of a bottle on the steps. And since it is conceded that defendant cannot be held liable therefor, no triable issue of fact remained. (Cf. *Rivera v City of New York,* 11 NY2d 856.)

Accordingly, the judgment appealed from should be reversed and the complaint dismissed.

MARKEWICH, J. P., LUPIANO and NUNEZ, JJ., concur with CAPOZZOLI, J.; MURPHY, J., dissents in an opinion.

Judgment, Supreme Court, Bronx County, entered June 27, 1975, affirmed. Respondents shall recover of appellant $60 costs and disbursements of this appeal.