BARBARA C. BODNER et al., Appellants, v MELVIN STEINHARDT, Respondent-Appellant, and COUNTY OF SULLIVAN, Respondent.—Cross ap-

peals (1) from a judgment of the Supreme Court, entered June 5, 1978 in Sullivan County, upon a verdict at a Trial Term, in favor of plaintiff Barbara C. Bodner, and (2) from that portion of the judgment which dismissed plaintiffs' complaint and defendant's cross claim against the County of Sullivan. This negligence action arose out of an automobile collision on County Road No. 13, a two-lane highway in Sullivan County, in which the plaintiff Barbara Bodner sustained personal injuries when a vehicle operated by her collided with an oncoming automobile driven by the defendant Melvin Steinhardt. Plaintiff also named the County of Sullivan as a defendant, alleging negligent design, maintenance and signing of the highway, and the defendants cross-claimed against one another for contribution. Plaintiff's complaint and Steinhardt's cross claim against the county were dismissed at the close of the proof on the ground that the sole proximate cause of the accident was the conduct of the respective drivers, and the jury returned a $125,000 verdict in favor of plaintiff against Steinhardt. On this appeal from the ensuing judgment, plaintiff and Steinhardt argue that it was error for the trial court to dismiss their claims against the county, while plaintiff additionally maintains that the verdict was inadequate. Treating first plaintiff's argument that the verdict was inadequate, we find no reason to disturb the amount of the award in this case. Although her injuries were severe, they were well explained to the jury and its verdict of $125,000 is not so inadequate as to be unconscionable. With regard to the claims against the county, however, we conclude that there was sufficient prima facie evidence that the county had breached its duty of maintaining the highway by failing to adequately sign the approaches to the curve where the collision occurred. The posted speed limit was 55 miles per hour and expert testimony indicated that the physical characteristics of the curve were such as to require the posting of an advisory speed limit of 25 miles per hour together with a sign indicating a right hand turn. Moreover, there was evidence from which a jury could properly conclude that the county's departure from this standard was a proximate cause of plaintiff's injuries. Although Steinhardt stated in an examination before trial that his car "swerved" to the left upon plaintiff's approach, on cross examination he related that he had misused the word "swerve". Steinhardt thus created a question of fact for the jury as to whether he consciously drove into plaintiff's lane of travel or whether it was the speed of his vehicle which prevented him from remaining in his own lane. In addition, photographs were introduced showing the skid marks left by Steinhardt's automobile and the damages sustained by the two vehicles. A jury could reasonably infer from these exhibits and the physical facts surrounding the locus of the collision that the Steinhardt vehicle was traveling at a speed in excess of 30 to 35 miles per hour, which an expert testified was safe for the curve, and that the county's failure to properly sign the road was a proximate cause of the accident (Shea v Judson, 283 NY 393, 397-398; Dugan v Dieber, 32 AD2d 815, 816; see Luis v Church of St. Angela Merici, 52 AD2d 352, 353). Accordingly, the judgment should be modified and a new trial ordered on the issue of liability only. Judgment modified, on the law and the facts, by deleting so much thereof as dismissed the complaint of plaintiff Barbara C. Bodner and the cross claim of defendant Steinhardt against defendant County of Sullivan, and a new trial ordered on the issue of liability only, and, as so modified, affirmed, with costs to abide the event. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.