■ ANETTE LORENZO, Appellant, v MONROE COMMUNITY COLLEGE et al., Respondents.—Order and judgment unanimously reversed, with costs, and motion denied. Memorandum: Plaintiff, a student in Monroe Community College, in the fall of 1976 enrolled in a gymnastics course taught by defendant Sylvia Yeager. On October 26, 1976 she was injured in class when she fell in attempting to do a "straddle vault" by jumping over a "horse", after observing a classmate successfully perform that exercise. She had never before attempted that feat. Instructor Yeager was the only teacher of the class of 30 students and at that time she was in another part of the gymnasium and did not witness the accident. She testified that earlier she

had given preliminary instruction to the entire class on the use of the "horse" and other equipment, but had never demonstrated it to the class or to plaintiff. Plaintiff testified without contradiction that Mrs. Yeager never asked her whether she had had gymnastic experience and never demonstrated the use of the "horse" to her. Mrs. Yeager was aware that plaintiff was not especially athletic; that she was overweight; and that such a person generally needs more instruction than others. It appears that plaintiff was not required to do this exercise as part of her class participation, and she attempted it on her own during class when the instructor was in another part of the gymnasium and not able at the moment to advise and assist her. Summary judgment is a drastic remedy and should not be granted, especially in a negligence action, before the plaintiff has had an opportunity to demonstrate the evidence which she plans to produce upon the trial (see *Millerton Agway Coop. v Briarcliff Farms,* 17 NY2d 57, 61; *Falk v Goodman,* 7 NY2d 87; *Zuckerman v City of New York,* 66 AD2d 248, 261). Upon the evidence submitted on this motion questions of fact exist entitling plaintiff to go to trial as to whether defendant college provided adequate supervision for that type of class with 30 students and whether the instructor was negligent with respect to her instructions to plaintiff *(Clark v Board of Educ.,* 304 NY 488; *Gardner v State of New York,* 281 NY 212; *Moschella v Archdiocese of N. Y.,* 48 AD2d 856; *Darrow v West Genesee Cent. School Dist.,* 41 AD2d 897; *Cherney v Board of Educ.,* 31 AD2d 764; *Zurica v Board of Educ.,* 279 App Div 765; Tort Liability of Public Schools, Ann., 36 ALR3d 361). Thus, in the absence of evidence that plaintiff's injury was exclusively the result of her own negligence (CPLR 1411), questions of fact exist for trial. It was, therefore, error to grant summary judgment dismissing the complaint. This holding, of course, is no indication of how the trial court should rule on a motion for dismissal at the end of plaintiff's case. (Appeal from order and judgment of Monroe Supreme Court—summary judgment.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.