(July 21, 1986)

■ DORIS ALFEROFF, an Infant, by Her Mother and Natural Guardian, YOLANDA ALFEROFF, et al., Respondents-Appellants, v MICHAEL CASAGRANDE, an Infant, by His Father and Natural Guardian, RALPH CASAGRANDE, et al., Defendants, and ROMAN CATHOLIC CHURCH OF THE HOLY NAME OF JESUS SCHOOL et al., Appellants-Respondents.—In a negligence action

to recover damages for personal injuries, etc., the defendants the Roman Catholic Church of the Holy Name of Jesus School and the Roman Catholic Diocese of Brooklyn appeal from so much of a judgment of the Supreme Court, Kings County (Bernstein, J.), entered April 24, 1985, as, upon a jury verdict on the issue of liability finding them 85% at fault in the happening of the accident and finding Michael Casagrande 15% at fault, and upon a jury verdict on the issue of damages, was in favor of the infant, plaintiff Doris Alferoff and against them in the principal amount of $650,000, and the infant plaintiff cross-appeals from so much of the same judgment as granted the posttrial motion of the appellants-respondents to set aside the verdict as to damages for diminution of earnings in the principal amount of $350,000.

Judgment affirmed insofar as appealed from, without costs or disbursements.

We decline, on the record before us, to upset the liability verdict against the appellants-respondents inasmuch as liability may be imposed upon a school for the consequences of a foreseeable act by a third party (see, Ohman v Board of Educ., 300 NY 306, 309, rearg denied 301 NY 662). The infant plaintiff was injured attending classes in the defendant school, when an eraser thrown by another student struck her in the left eye, causing her permanent loss of vision in that eye as well as subsequent psychological trauma. The teacher at the time of the accident had temporarily stepped out of the classroom. The jury, on the facts presented at trial, could reasonably have found that the failure of the teacher to provide adequate supervision constituted negligence, and that such negligence constituted the proximate cause of the injury, where the teacher was aware of the rowdy and disruptive behavior of the students which regularly took place in his absence and where the accident could have been prevented had the teacher been present in the classroom (see, Gonzalez v Mackler, 19 AD2d 229; Christofides v Hellenic E. Orthodox Christian Church, 33 Misc 2d 741). The charge to the jury on liability, moreover, was proper.

We further conclude that the pain and suffering award to the infant plaintiff was not excessive in view of the permanent and debilitating nature of her physical and psychological injuries.

Finally, we find that the trial court did not err in setting aside the award for diminution of earnings. The infant plaintiff, who had expressed a desire to be a cosmetologist and had

received some formal training in the field, testified that her impairment rendered her incapable of performing the tasks required of a cosmetologist. However, the record also revealed that the infant plaintiff had worked at several jobs since sustaining her injury, and that she had recently been employed as a receptionist for a period of 11 months prior to the trial. The testimony of an economist at trial established that her future earnings as a receptionist would be greater than her earnings as a cosmetologist. Since the award for loss of earnings would therefore have operated as a windfall to her, the court properly set it aside. Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.