■ ROGER K. MERKLEY et al., as Parents and Natural Guardians of CHARLES MERKLEY, an Infant, Plaintiffs, v PALMYRA-MACEDON CENTRAL SCHOOL DISTRICT, Respondent. CHARLES MERKLEY, an Infant, by ROGER K. MERKLEY, His Parent and Natural Guardian, Plaintiff, v KEVIN HORTON, an Infant, Appellant.—Order and judgment unanimously modified, on the law, and as modified, affirmed, with costs to appellant, in accordance with the following memorandum: This is an action to recover damages for personal injuries sustained by a minor, Charles Merkley, when a fellow student, defendant Kevin Horton, dropped a shotput on Merkley's right hand. The accident occurred during a physical education class at Palmyra-Macedon Central School. The evidence establishes that Merkley, who had thrown the shot was kneeling down holding one end of a tape to measure the distance, when Horton, who was either carrying the shot or had just been passed the shot from another student, dropped it on Merkley's hand. Merkley's parents commenced this action against Horton for negligence and against defendant school district for negligent supervision and failure to provide proper instructions concerning the handling of the shotput. Special Term granted the school district's motion for summary judgment dismissing plaintiff's complaint. Special Term also dismissed defendant Horton's cross claim against the school district. On this appeal by defendant Horton only, we reverse the dismissal of the cross claim against the school district.

It is well settled that a defendant moving for summary judgment has the initial burden of coming forward with proof in admissible form demonstrating, as a matter of law, that plaintiff's cause of action has no merit *(GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 967). It is frequently observed that negligence actions do not ordinarily lend themselves to summary disposition because, even if the parties agree on the facts, the reasonableness of defendant's conduct is a question

for the jury *(Ugarriza v Schmieder,* 46 NY2d 471, 475). Finally, on a motion for summary judgment, the evidence should be viewed in a light most favorable to the nonmoving party *(Robinson v Strong Mem. Hosp.,* 98 AD2d 976). In the case at bar, not only are the underlying facts in sharp dispute, but whether defendant school district's conduct was reasonable under the circumstances presents a factual question that should not have been resolved summarily.

A school district owes a duty to its students to exercise the same degree of care toward them as would a reasonably prudent parent under similar circumstances *(Lawes v Board of Educ.,* 16 NY2d 302; *Ohman v Board of Educ.,* 300 NY 306, *rearg denied* 301 NY 662; *Thompson v Ange,* 83 AD2d 193, 196). Whether the school district is negligent in the discharge of this duty should be measured against the ability of the district to anticipate danger *(Lauricella v Board of Educ.,* 52 AD2d 710, 711).

Viewing the evidence, as we must, in the light most favorable to the nonmoving parties, we conclude that there are sufficient factual issues concerning the degree of supervision and the propriety of the instructions provided by the school district to preclude a grant of summary judgment. The physical education teacher testified that he realized that throwing the shotput was a dangerous activity requiring special care, but he admitted that during the class he was standing about 15 yards away from the group of students engaged in throwing the shotput and was supervising a group of students performing high jumps at the same time. Considering the dangerous nature of the activity in which these students were engaged, whether this conduct was reasonable is a question for the trier of fact.

Additionally, the teacher asserted that he instructed the students not to hand the shot to one another or to carry it around while students were in the process of measuring; neither boy corroborated this testimony. Both students stated that the teacher told them to hand the shotput to each other. Crediting the boys' testimony, a factual question concerning the adequacy of the instructions given is presented *(see, Lorenzo v Monroe Community Coll.,* 72 AD2d 945; *Darrow v West Genesee Cent. School Dist.,* 41 AD2d 897, 898).

We reject the district's argument that summary judgment was properly granted on the ground that any negligence on its part was not the proximate cause of plaintiff's injury. Whether the teacher's actions, standing over 15 yards away

from the group, supervising two different activities at the same time and failing to enforce the safety rules, proximately caused the injury is a question for the jury *(see, Alferoff v Casagrande,* 122 AD2d 183, 184; *Sewar v Gagliardi Bros. Serv.,* 69 AD2d 281, 289, *affd* 51 NY2d 752). This case can be distinguished from those where an unanticipated independent act of another student caused the injury *(see, Rock v Central Sq. School Dist.,* 113 AD2d 1008; *Swiatkowski v Board of Educ.,* 36 AD2d 685). In this case, the injury occurred while the students were engaged in a required activity.

Because plaintiffs failed to perfect their appeal from the order granting summary judgment to defendant school district, their appeal was dismissed by order of this court. Therefore, plaintiffs can be afforded no relief by virtue of our decision. Defendant Horton is entitled to the reinstatement of his cross claim, which we instruct the trial court to treat as a properly commenced third-party action. (Appeal from order and judgment of Supreme Court, Wayne County, Boehm, J.— summary judgment.) Present—Dillon, P. J., Doerr, Green, Balio and Davis, JJ.