OPINION OF THE COURT
Anthony F. Shaheen, J.
Plaintiff was a 19-year-old student at Waterville Central *67 School who was working at 4 Guys Wholesale, Inc. as part of a work-study program through BOCES when he was injured while operating a radial arm saw. Apparently while pushing the saw back, it grabbed onto the piece of lumber and came toward his hand severing two of his fingers and injuring a third finger.
Plaintiff had entered Waterville School as a seventh grader. Before starting his junior year, plaintiff with the advice and consent of his mother enrolled in the BOCES program because his best grades had been in shop courses. However, in December of his senior year, an interim report indicated he was in danger of failing his conservation course. He became discouraged, and fearing that he was likely to drop out before graduating, a decision was made to put plaintiff in a work-study program as an alternate to BOCES classes. There is some disagreement as to who first made the suggestion of a work-study program; however, it is uncontraverted that neither Waterville School nor BOCES gave plaintiff any names of potential employers, and in fact, plaintiff was hired at 4 Guys Wholesale through the intervention of his mother who knew Mrs. Brady, the wife of one of the owners. Because of his mother’s personal acquaintance with Mrs. Brady, plaintiff did not even have to complete a job application.
In order to receive BOCES credit for his work done at 4 Guys, plaintiff and his mother had to sign the work-study agreement and then plaintiff had to get it signed by his BOCES instructor, the BOCES administrator, his Waterville guidance counselor, his Waterville principal, and his employer at 4 Guys. This agreement provided that plaintiff was responsible for turning in to BOCES weekly reports of his progress; and 4 Guys agreed to provide direct supervision of his work, give him more challenging tasks as he progressed, review his job progress weekly and sign the weekly report. BOCES was obligated to see that all parties were aware of their respective obligations, to work with all parties to provide the best training for plaintiff, and to visit the work site and consult with 4 Guys to determine plaintiff’s progress. When plaintiff’s mother signed the agreement, she gave permission for plaintiff to participate in this work-study program at 4 Guys Wholesale for three hours each day of the week, with the understanding that an employee of 4 Guys would provide direct supervision, and a BOCES instructor would supervise "this experience”.
Plaintiff began working at 4 Guys on April 27, 1987, using the radial arm saw on the first day. He worked there five *68 hours each morning, which was two hours beyond the usual BOCES work-study time schedule. He was instructed on how to adjust the length to set the boards. Plaintiff used the radial arm saw on several occasions prior to this accident and had no problem with its operation. However, on May 13, 1987, plaintiff had the accident which forms the basis for this lawsuit. Following the accident, plaintiffs medical expenses were paid by workers’ compensation, and he also received weekly compensation payments.
Plaintiff commenced this action against Waterville School and BOCES, alleging that both defendants were negligent in their duty to supervise him and provide a safe working environment, while requiring him to perform dangerous and hazardous duties for his course studies. Both defendants entered answers with affirmative defenses of comparative negligence and cross claims for apportionment of damages.
The defendants now seek summary judgment dismissing the complaint on the grounds that they had no "loco parentis” duty to plaintiff because he was beyond the age of majority and beyond the age of mandatory school attendance. Defendants also claim that there was no duty to exercise such control over plaintiff because his own mother exercised such parental control and supervision when she encouraged him to participate in the work-study program and procured the job for him. Furthermore, any claimed breach of BOCES’s duty to perform work site visits does not impose liability on them because such a breach was not a proximate cause of this accident; that is, visits to the work site would not have revealed defective or unsafe machinery and plaintiff makes no allegations in that regard.
The law is well settled that schools in New York State have only been held to have a duty to supervise their students and protect them from risk of harm from each other and from others if the school has physical custody and control over them (Pratt v Robinson, 39 NY2d 554). The Fourth Department has specifically held that a school board is not an insurer of the safety of students, particularly if the injury resulted from the unforeseen intervention of a third party and if the injury could have occurred even with a supervisor present (Rock v Central Sq. School Dist., 113 AD2d 1008; Swiatkowski v Board of Educ., 36 AD2d 685). Moreover, the Court of Appeals has held that the doctrine of "in loco parentis” has not been imposed on colleges because the students are more independent of their parents, and because in most cases, the students are over the age of majority (Eiseman *69 v State of New York, 70 NY2d 175). The Court of Appeals has recently reaffirmed its position that the less demanding standard of "reasonable care” is imposed on a school district when the plaintiff is a 19-year-old student engaged in a voluntary activity outside of school (Benitez v New York City Bd. of Educ., 73 NY2d 650, 656).
It is uncontroverted that plaintiff was over the age of majority, and well beyond the age of mandatory school attendance, at the time of this accident (see, Domestic Relations Law § 2; Education Law § 3205 [1] [a]). Moreover, although plaintiff was classified as learning disabled, the deposition testimony reveals that this classification was imposed during his grade school years at another school only because plaintiff had difficulties in math. He did not have to take special courses because of this classification, but rather, was mainstreamed in all his courses. Clearly then, there was no mandate that plaintiff remain in school or in the BOCES program. His decision to voluntarily remain in the BOCES program, and to engage in a work-study job which was set up through his mother’s intervention, though laudable, should not impose liability on either defendant. Applying the less demanding standard of "reasonable care”, the court finds that on no view of the evidence can it be said that the defendants breached a duty of care owed to this adult plaintiff.
Furthermore, the agreement in question imposes no specific duty on Waterville School; and imposes on BOCES only a general supervisory role to determine job progress. There is no showing that the work site or machinery was in any way unsafe, or that a visit to 4 Guys would have revealed any problem with "job progress, attitudes, growth of skills and knowledge and breadth of educational exposure”. Rather, the evidence reveals that plaintiff had been using this particular piece of equipment from the time he started working at 4 Guys, with no difficulty; and in fact, a week before this accident, plaintiff had been given a raise in pay. Plaintiff has presented no evidence to demonstrate that the actions or inactions of either Waterville School or BOCES were a proximate cause of his accident. Rather, all evidence points to a job-related accident for which this adult plaintiff received workers’ compensation benefits.
The defendants’ respective motions for summary judgment are therefore granted, and the complaint is dismissed in its entirety.