■ Todd Kennedy, Appellant, v Waterville Central School District et al., Respondents.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Supreme Court improperly granted defendant Oneida County Board of Cooperative Educational Services' ("BOCES") motion for summary judgment because, on the basis of the proof before the court, there are issues of fact with respect to whether BOCES breached its duty to plaintiff and, if it did, whether that breach was a proximate cause of his injury (see, Merkley v Palmyra-Macedon Cent. School Dist., 130 AD2d 937; Alferoff v Casagrande, 122 AD2d 183).

Plaintiff was injured while using a radial arm saw. At the time, plaintiff was involved in an occupational education program whereby he was receiving academic credit toward the completion of his conservation class at BOCES. Thus, he was in the custody and control of BOCES (see, Education Law

§ 1950 [4] [h] [3]; 8 NYCRR part 141), and BOCES had a duty to exercise toward him the same degree of care that a reasonably prudent parent would exercise under the same circumstances *(see, Lawes v Board of Educ.,* 16 NY2d 302, 305; *Merkley v Palmyra-Macedon Cent. School Dist., supra,* at 938). In addition, BOCES expressly agreed by contract to oversee plaintiff's occupational education program. Despite having knowledge that plaintiff worked carelessly and lacked safety consciousness, BOCES agreed to allow plaintiff to work in a lumberyard, without first investigating whether plaintiff would be placed in a dangerous situation. Hence, it cannot be said, as a matter of law, that BOCES was not negligent or that its negligence, if any, was not a proximate cause of plaintiff's injury.

However, Supreme Court properly dismissed the complaint against defendant Waterville Central School District ("Waterville"). At the time of his injury, plaintiff had passed from the custody and control of Waterville to the custody and control of BOCES *(see,* Education Law § 1950 [4] [h] [3]). There is no evidence on the record that Waterville was aware of the nature of plaintiff's employment, and there is no allegation that Waterville was negligent in allowing plaintiff to participate in the BOCES curriculum. In addition, Waterville undertook no special obligations with respect to plaintiff's occupational education opportunity. Thus, as a matter of law, Waterville is not liable to plaintiff for his injuries *(see generally, Pratt v Robinson,* 39 NY2d 554). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Denman, J. P., Green, Balio, Lowery and Davis, JJ. *[See,* 147 Misc 2d 66.]