■ PATRICIA HOMER, Individually and as Parent and Natural Guardian of TRAVIS HOMER, an Infant, Respondent, v BOARD OF EDUCATION OF THE TOWN OF LAFAYETTE, LAFAYETTE CENTRAL SCHOOLS, Appellant.—Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied defendant's motion for summary judgment. Defendant Board of Education owed the infant plaintiff the duty to supervise his activities with the same degree of care as would a reasonably prudent parent under the circumstances *(see, Lawes v Board of Educ.,* 16 NY2d 302, 305; *Merkley v Palmyra-Macedon Cent. School Dist.,* 130 AD2d 937, 938; *Ehlinger v Board of Educ.,* 96 AD2d 708). In this case, there is a material issue of fact whether the infant plaintiff's teacher provided his students any supervision or instruction during the fire drill in which plaintiff was injured. In addition, under the circumstances of this case, whether the teacher's action or inaction was a proximate cause of plaintiff's injury is a question that should be left to the trier of fact *(see, Luis v Church of St. Angela Merici,* 52 AD2d 352, 353; *see also, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 314-315, *rearg denied* 52 NY2d 784, 829; *Merkley v Palmyra-Macedon Cent. School Dist., supra,* at 939; *Alferoff v Casagrande,* 122 AD2d 183, 184). Moreover, in opposition to defendant's motion, plaintiffs tendered the affidavit of another student who asserted that, at the time of the accident, the instructor was absent from the room. That statement raises a factual issue concerning the adequacy of the supervision that defendant provided *(see, Lorenzo v Monroe Community Coll.,* 72 AD2d 945). (Appeal from Order of Supreme Court, Onondaga County, Reagan, J.—Summary Judgment.) Present—Callahan, A. P. J., Denman, Green, Pine and Davis, JJ.