E.W. v Madison-Oneida Bd. of Coop. Educ. Servs. (2024 NY Slip Op 05927)

E.W. v Madison-Oneida Bd. of Coop. Educ. Servs.

2024 NY Slip Op 05927

Decided on November 27, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 27, 2024

CV-23-0828
[*1]E.W., an Infant, by his Parent and Guardian, Wannita Wallis, Plaintiff,
v
Madison-Oneida Board of Cooperative Educational Services et al., Respondents, and Canastota Central School District, Appellant.

Calendar Date:October 9, 2024

Before:Garry, P.J., Reynolds Fitzgerald, Fisher, McShan and Powers, JJ.

Hancock Estabrook, LLP, Syracuse (Giancarlo Facciponte of counsel), for appellant.
Coughlin & Gerhart, LLP, Binghamton (Thomas H. Bouman of counsel), for respondents.

Powers, J.
Appeal from an order of the Supreme Court (Donald F. Cerio Jr., J.), entered December 22, 2022 in Madison County, which denied motions by defendant Canastota Central School District to dismiss the complaint and cross-claims against it.
Plaintiff's son (hereinafter the child) was a student in defendant Canastota Central School District (hereinafter the school district). Throughout the 2021-2022 school year, the child was enrolled in a course through defendant Madison-Oneida Board of Cooperative Educational Services (hereinafter BOCES) taught by defendant Mark Schoff. On January 18, 2022, during this class, the child was involved in an altercation with another student resulting in certain injuries. Plaintiff, as the child's parent, commenced this action against defendants raising various claims of negligence related to defendants' actions before, during and after the altercation. The school district moved pre-answer to dismiss the complaint as well as cross-claims brought by BOCES and Schoff. Supreme Court denied these motions, and the school district appeals.
"Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (Cavosie v Hussain, 215 AD3d 1080, 1081 [3d Dept 2023] [internal quotation marks and citations omitted]). "[A]lthough schools are not insurers of safety, they are under a duty to adequately supervise the students in their charge, and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (A.J. v Canastota Cent. Sch. Dist., 214 AD3d 67, 70 [3d Dept 2023] [internal quotation marks, brackets and citation omitted]; accord Motta v Eldred Cent. Sch. Dist., 141 AD3d 819, 820 [3d Dept 2016]). However, "[t]he school's duty is . . . coextensive with and concomitant to its physical custody of and control over the child[, thus] [w]hen that custody ceases because the child has passed out of the orbit of its authority . . . the school's custodial duty also ceases" (Pratt v Robinson, 39 NY2d 554, 560 [1976]; accord Ferraro v North Babylon Union Free School Dist., 69 AD3d 559, 560 [2d Dept 2010]; see Levy v City of New York, 227 AD3d 975, 976 [2d Dept 2024]; Spring v Allegany-Limestone Cent. Sch. Dist., 221 AD3d 1474, 1476 [4th Dept 2023]; Quinn v Wallkill Sch. Dist., 215 AD3d 1113, 1114 [3d Dept 2023]; see also Morning v Riverhead Cent. School Dist., 27 AD3d 435, 436 [2d Dept 2006]; Gahan v Mineola Union Free School Dist., 241 AD2d 439, 441 [2d Dept 1997]; Kennedy v Waterville Cent. School Dist., 172 AD2d 1019, 1020 [4th Dept 1991]).
On this motion to dismiss pursuant to CPLR 3211, "we must accept the facts alleged in the complaint as true and accord the nonmoving party the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (Van Amburgh v Boadle, ___ AD3d ___, ___, 217 NYS3d 713, ___, 2024 [*2]NY Slip Op 04168, *1 [3d Dept 2024] [internal quotation marks and citations omitted]; see Powerflex Solar, LLC v Solar PV Pros, LLC, 230 AD3d 834, 837 [3d Dept 2024]). "The question to be resolved on such a motion is not whether the plaintiff can ultimately establish his or her allegations and is likely to prevail, but whether, if believed, his or her complaint sets forth facts that constitute a viable cause of action" (Brown v University of Rochester, 224 AD3d 1180, 1181 [3d Dept 2024] [internal quotation marks and citations omitted]).
The complaint alleges that the child was pushed to the ground and assaulted during a class he was attending through BOCES, which caused him to sustain various physical and psychological injuries. According to plaintiff, Schoff was negligent in failing to adequately supervise the class and prevent the incident in question, and the remaining defendants are vicariously liable for this negligence. Yet, in addition, plaintiff also alleges that defendants failed to seek appropriate medical attention for the child after the incident, to properly discipline the assailant, to protect the child from further harassment after the incident and inappropriately barred the child from returning to BOCES the following school year. While some of these allegations pertain to the incident in question and the adequacy of the supervision at that time, plaintiff also raises claims related to the school district's actions prior to and in response to the incident. For this reason, it is not necessary to determine as a matter of law whether the child had — based upon his attendance at BOCES at the time of the incident — passed out of the custody and control of the school district and, consequently, whether the school district owed a duty of care at the time of the incident (see generally Morning v Riverhead Cent. School Dist., 27 AD3d at 436; Kennedy v Waterville Cent. School Dist., 172 AD2d at 1020). Thus, we make no determination in this respect. Rather, construing the allegations in the complaint liberally and according plaintiff the benefit of every favorable inference as we must, we find that plaintiff has stated a cause of action for negligence (see generally Brown v University of Rochester, 224 AD3d at 1182; Villar v County of Erie, 126 AD3d 1295, 1296 [4th Dept 2015]). As such, Supreme Court properly denied the school district's motions to dismiss the compliant and the cross-claims against it.
Garry, P.J., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.