ELIZABETH B. GARDNER, an Infant, by CHARLES H. GARDNER, Her Guardian ad Litem, Appellant, v. THE STATE OF NEW YORK, Respondent.*

(Claim No. 24499.)

CHARLES H. GARDNER, Appellant, v. THE STATE OF NEW YORK, Respondent.*

(Claim No. 24500.)

Third Department, March 8, 1939.

*J. T. & C. H. Gardner* [*Charles H. Gardner* of counsel], for the appellants.

*John J. Bennett, Jr.*, Attorney-General [*Leon M. Layden* and *James H. Glavin, Jr.*, Assistant Attorneys-General, of counsel], for the respondent.

---

* Revg. 166 Misc. 113.

HEFFERNAN, J. The infant claimant and her father are appealing from judgments of the Court of Claims dismissing on the merits their respective claims against the State of New York.

On January 16, 1936, the infant was a seventh grade pupil at the Cortland State Normal School, an institution maintained and controlled by the State, and was a member of a class in physical education.

In 1934 the Board of Regents adopted a syllabus on physical education for use in the elementary schools. One of the rules of the syllabus makes it mandatory for all pupils to attend courses of instruction in physical education. Among other activities prescribed for this course is one known as the head stand. To perform the head stand a mat is placed on the floor of the gymnasium. The syllabus gives the following description of the method of performance of this exercise: " From a squat stand place both hands on the mat shoulder width apart, fingers spread pointing sideward. Lean forward placing the forehead on the mat midway between the hands about 12 to 15 inches in advance of them. The hands and head should form a triangular base. Raise the bent legs slowly from the floor so that the head, body and legs form a continuous straight line." The court below found that " each student is assisted by a pupil in maintaining balance and at a signal by the pupil doing the stunt, is released and rolls over in a somersault."

In order to be certified to teach physical education a teacher " must have completed a four-year approved high school course followed by four years of academic and professional training leading to a degree or its equivalent as approved by the Commissioner of Education."

On January 16, 1936, the infant claimant was in attendance at a physical education class with nine or ten other pupils. The rule which required supervision of physical education classes by a competent teacher was ignored on this occasion. The only person in charge of this group was a young woman who was then a third-year junior in the school. She directed the infant to do the head stand. On two or three prior occasions the infant had participated in the same stunt. On this particular day she was assisted by another pupil also eleven years of age. The court below has found that while claimant was in the act of making the head stand she suffered a dislocation of the first cervical vertebra of about one-sixteenth of an inch.

As a result of her injuries claimant presented a claim against the State to recover damages on the ground that the State was negligent and her father presented a like claim for the treatment and care of the child.

Apparently the court below rested its decision on the proposition that the injuries sustained by this child were the result of an unavoidable accident. We are unwilling to adopt that view. That the school authorities, for whose acts the State is answerable, were negligent is not even a debatable question. They compelled a child of tender years to participate in a dangerous exercise without any attempt to comply with the rule relating to supervision adopted by the Board of Regents. It is no answer to say that even if properly supervised the child might have been injured. We are also convinced that the State was grossly negligent in requiring immature children to perform the head stand. It seems to us that any one with any sense or intelligence would anticipate grave danger to result from such a performance. If children are forcibly taken from their parents and guardians by the State and compelled to perform such fantastic and perilous antics as the head stand then the State should be held strictly to account for the safety of the children. Compelling children, especially young girls, to stand on their heads and turn somersaults as part of their education is distinctly unique and novel. Perhaps our notions on the subject of education are outmoded but the view that exercises such as these form a necessary part of education impresses us as being absurd.

On principle and precedent claimants are entitled to damages against the State. (*Rook* v. *State of New York*, 254 App. Div. 67; *Bradley* v. *Board of Education of City of Oneonta*, 247 id. 833; affd., 274 N. Y. 473; *Popow* v. *Central School District No. 1 of Town of Hillsdale*, 251 App. Div. 906; affd., 277 N. Y. 538; *Garber* v. *Central School District No. 1*, 251 App. Div. 214; *Walton* v. *Board of School Trustees of Vancouver*, 34 B. C. 38.)

The judgments appealed from should be reversed, with costs and disbursements to claimants, and judgments directed in their favor.

HILL, P. J., and McNAMEE, J., concur; BLISS, J., concurs in the result on the ground that the State failed to provide proper supervision; CRAPSER, J., concurs in the result but dissents from the amount fixed by the majority of the court for damages to the infant plaintiff, on the ground it is excessive and should not be over $1,500.

Judgments reversed, on the law and facts, with costs to claimants in one action and judgments are directed in favor of the claimants with one bill of costs for the following sums: for the claimant Elizabeth B. Gardner, $3,000; for the claimant Charles H. Gardner, $77.

In the case of Elizabeth B. Gardner the court reverses the following findings of fact contained in the decision of the court, viz., Nos. 7, 13, 16 and 17.

The court also disapproves of conclusions of law Nos. 1 and 2, contained in its decision in the case of Elizabeth B. Gardner.

In the case of Elizabeth B. Gardner the court also reverses findings of fact made pursuant to the State's requests to find and numbered 12, 15 and 17.

The court also disapproves of the following conclusions of law made by the court below and contained in the State's requests to find and numbered 2, 3 and 5.

In the case of Charles H. Gardner the court hereby reverses the following findings of fact contained in the decision of the court below, viz., Nos. 6, 12, 16 and 17.

The court also disapproves of conclusions of law Nos. 1 and 2 contained in such decision.

In the case of Charles H. Gardner the court hereby reverses the following findings of fact made by the court below pursuant to the State's requests to find and numbered 3, 5 and 6.

The court also disapproves of the following conclusions of law contained in the State's requests to find and made by the court below numbered 1, 3, 5, 6 and 7.

In the cases of both claimants the court hereby finds the following facts contained in the claimants' proposed findings of fact presented to the court below and numbered 3, 5, 15, 26, 27, 28, 29, 32, 33 and 34.

In the cases of both claimants the court also makes the following conclusions of law contained in the proposed conclusions presented to the court below and numbered 14, 18, 19, 20, 21 and 22.

The court also finds that Elizabeth B. Gardner has sustained damages in the sum of $3,000 and judgment is hereby rendered in her favor for that amount.