Per Curiam.

Plaintiff, a pupil in 1940 at the Altona Central School in Clinton County, has recovered a judgment against the defendant, who was the physical education teacher in that school, on account of injuries which he received while participating in a required physical activity, boxing with another pupil. These young men were instructed by defendant to box three rounds of one minute each with a minute of rest intervening. Following a blow on the temple, plaintiff became dizzy and staggered, had a headache for a considerable length of time and finally became unconscious. A doctor who attended bim on the following day says: “ * * * he was lying on the couch having a convulsion. His left arm and left leg were in a state of convulsion, and his right side was in a state of tonic spasticity. He was semiconscious and could not be roused. He couldn’t talk and couldn’t understand what was said to him. He had a dilated left pupil, and generally was non-cooperative.”
The doctor made a diagnosis of cerebral hemorrhage. He was sent to a hospital in Montreal for a trephining operation, four incisions were made in the skull to permit the draining of the hemorrhaging blood. After remaining several days at the hospital he returned to his home and in May a second operation was necessary for the purpose of drawing fluid from the spine.
Plaintiff who had received no training, engaged with LaMere, a vigorous young man also untrained, in the presence of the defendant who sat in the bleachers. Plaintiff describes the contest:
“ We started to box in the first round, and we wanted to see which one would get the best of it, and we went right at it as hard as we could, and that was the first round. In the second round we started just as bad as ever, and I got hit in *185 the temple. * * I became dizzy and staggered.” His description of the blows which were struck is corroborated by LaMere and .one or more spectators, and there is no evidence to the contrary.
It is the duty of a teacher to exercise reasonable care to prevent injuries. Pupils should be warned before being permitted to engage in a dangerous and hazardous exercise. Skilled boxers at times are injured, and these two vigorous athletic young men should have been warned of the danger and should have been taught the principles of defense if indeed it was a reasonable thing to permit a slugging match of the kind which the. testimony shows this contest was. The testimony indicates that the teacher failed in his duties in this regard and that he was negligent, and plaintiff is entitled to recover. (Govel v. Board of Education of City of Albany, 267 App. Div. 621, affd. 293 N. Y. 928; Gardner v. State of New York, 256 App. Div. 385, affd. 281 N. Y. 212; Rook v. State of New York, 254 App. Div. 67.)
The judgment should be affirmed.
Hill, P. J., Heffernan, Brewster, Foster and Russell, JJ., concur.
Judgment affirmed, with costs. [See post, p. 965.]