■   ARTHUR D. DARROW, Individually and as Parent of THOMAS DARROW, an Infant, Appellant, v. WEST GENESEE CENTRAL SCHOOL DISTRICT et al., Respondents.— Judgment unanimously reversed, on the law and facts, and a new trial ordered, with costs to abide the event.   Memorandum:   The infant plaintiff was injured in school when he and another student ran into each other while participating in a game of line soccer during a regularly sched-uled gym class. The game is played by dividing the class into two groups of

boys arranged ·in opposing lines with a soccer ball placed between the line. Each boy is given a number with corresponding numbers for the boys on the opposing team. When the teacher calls one or more numbers those boys whose number is called run toward the ball and try to reach it first and kick it through the opposing team's line. The plaintiff's claim· is that he was directed to play the game without proper instructions for his own safety. School authorities have an affirmative duty to instruct students in physical education classes on reasonable safety precautions to be observed while engaging in class activities (*Clark* v. *Board of Educ.*, 304 N. Y. 488; *Gardner* v. *State of New York*, 256 App. Div. 385, affd. 281 N. Y. 212; *Armlin* v. *Board of Educ.*, 36 A D 2d 877). The plaintiff's expert testified that reasonable care required a demonstration and explanation to these 10-year-old boys that they must play the ball as much as possible with their feet, without any bodily contact, that they should not charge the ball to the point of bringing about bodily contact and that there should be no pushing, shoving or rushing into each other. By the gym teacher's own admission he did not instruct the boys as to what they should do when two players met the ball at the same time and while he testified that he did give some instructions, we think that on the whole record a question of fact as to the sufficiency of the instructions was made out for the jury and the trial court should not have dismissed the complaint at the close of the plaintiff's case. (Appeal from judgment of Onondaga Trial Term dismissing complaint in negligence action.) Present — Goldman, P. J., Witmer, Moule, Simons and Henry, JJ.