Darwin D. CLIPPINGER, d/b/a Charles City Locker Service, Appellant,

v.

Erwin E. BECKER, d/b/a Becker Home Improvement Company, Appellee.

No. 2–56325.

Supreme Court of Iowa.

July 31, 1974.

Larson & Carr, Charles City, for appellant.

Laird, Burington, Bovard & Heiny, Mason City, for appellee.

Heard before MOORE, C. J., and Le-GRAND, REYNOLDSON, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

This was a law action for damages to meat stored in plaintiff's locker plant. Defendant was a roofer engaged to repair the roof of the building in which plaintiff conducted his frozen meat storage business. During repair it is claimed tar odor permeated lockers and damaged a considerable quantity of meat. Action was brought under the res ipsa loquitur doctrine and was tried to the court. Plaintiff appeals a verdict for defendant. We affirm.

When plaintiff acquired the building in 1968 it was 32 years old. It had been constructed for frozen food storage with walls of brick, eight inch cement block, asphalt and six inches of cork. Above the walls, at the roof deck level, is an eight inch parapet of hollow tile construction. The roof consisted of a wood deck upon which was laid six inches of cork. A "built-up" roof was installed over the cork, consisting of five layers of felt, pitch and gravel. Laid on the roof and next to the parapet was a triangular strip of wood called a cant.

One flat side of the cant was placed against the parapet and the other on the roof deck. The cant was sealed in by use of hot pitch or tar. Three strips of felt were then bonded to the cant and the masonry wall. Flashings were attached to mortar joints in the wall and placed over felt flashings which bonded the cant to the wall. The entire area was then tarred and graveled making a water tight and what is called a water cooled roof.

Prior to the undertaking plaintiff and defendant went up on the roof and inspected it. It had been leaking at the point where the cant extended over locker storage rooms. The parties agreed it was necessary at this point to remove and replace the felt flashings. A price was agreed upon and defendant's employees began work on June 25, 1970. Metal flashings were either removed or bent up and gravel was scraped off for a space eight to twelve inches from the parapet. As the felt flashings were removed from the cant it was the subject of some movement. The lower two layers of felt were impregnated with tar or pitch and the upper layer was impregnated with asphalt. Plastic cement, an asphalt product, had previously been used to seal the cant strip and to attach layers of felt to the cant and masonry wall. Tar, pitch, asphalt and plastic cement all have strong, unpleasant odors.

During the first day of work a strong odor, similar to that of tar, was detected in the building. When advised defendant directed his men to attempt to leave the first layer of felt attached to the masonry wall. Plaintiff testified this corrected the problem. But odor had already caused considerable damage to stored meat and plaintiff thereafter paid his customers in excess of $2500 for their losses.

Plaintiff bases his case solely on the doctrine of res ipsa loquitur. The trial court, sitting as finder of facts, found defendant was in exclusive control of the roof at the time in question. However the

trial court entered judgment for the defendant because it further found the occurrence was not such as would not ordinarily happen in the absence of negligence.

I. We are of course bound by the trial court's findings of fact if they are supported by substantial evidence. Rule 344(f)(1), Rules of Civil Procedure. The facts recited are supported by substantial evidence; indeed they are not seriously disputed.

■■■ It is not necessary again to define the doctrine of res ipsa loquitur. The doctrine has been defined in a long line of cases, recently in Wiles v. Myerly, 210 N. W.2d 619 (Iowa 1973) and Palleson v. Jewell Cooperative Elevator, 219 N.W.2d 8 (Iowa 1974). See also Loth, Res Ipsa Loquitur in Iowa, 18 Drake Law Rev. 1. The doctrine is a rule of evidence which, when applied, permits *but does not compel* an inference that defendant was negligent. To invoke the doctrine plaintiff must produce sufficient facts to make out a jury question on two elements: (1) exclusive control of the instrumentality by defendant (control component) and (2) the occurrence is such as in the ordinary course of things would not happen if reasonable care had been used (common experience component). See Wiles v. Myerly, 210 N.W.2d at 624–625. This appeal does not present a dispute as to the definition of the doctrine. Involved here is the effect of the trial court's finding on the common experience component. This was the basis on which relief was denied.

Most res ipsa loquitur cases involve the question of whether sufficient showing has been made to justify submission of the doctrine to the jury. Where, as here, a trial court sits as finder of the facts it considers the doctrine in two stages. The first stage is similar to the consideration a trial court would give the doctrine in a jury case. A legal determination is made as to whether the doctrine should be considered.

■■■

If the doctrine is considered the trial court, in place of the jury, next makes factual determinations and on the basis of them applies or refuses to apply the doctrine.

In this case we can pass the first stage because the court did consider the doctrine. In making its finding as to common experience the trial court was obviously acting as finder of fact. The court made reference to evidence: "Defendant was doing what he was employed to do, doing the work as it had been done in 1954 without incident, and as he had repaired roofs on other locker plants without incident."

■ It follows plaintiff is not entitled to a reversal unless he can claim res ipsa loquitur, his sole theory of recovery, was shown as a matter of law. Establishing res ipsa loquitur as a matter of law is commonly held to be either difficult or impossible. See 58 Am.Jur.2d, Negligence, § 524, page 117; 65A C.J.S. Negligence § 220.19, page 590; Prosser on Torts, Fourth Ed., § 40, page 228.

■ In our own cases we have consistently taken pains to point out the inference of negligence is permitted but not required. Wiles v. Myerly, supra, and Palleson v. Jewell Cooperative Elevator, supra, and citations. To hold res ipsa loquitur established as a matter of law would require us to overrule our many cases which make the inference merely permissible. This we decline to do. We hold res ipsa loquitur cannot be established as a matter of law. A similar conclusion was reached in Gardner v. Coca Cola Bottling Company of Minnesota, 267 Minn. 505, 127 N.W.2d 557, 560–561 (1964). Since the negligence under the doctrine cannot be established as a matter of law it was of course not so established in this case. The trial court was fully justified in its holding and is

Affirmed.