Stephen A. FOSSELMAN, a minor, By His Next Friend, Earl E. Fosselman, and Earl E. Fosselman, Appellants,

v.

The WATERLOO COMMUNITY SCHOOL DISTRICT, IN the COUNTY OF BLACK HAWK, State of Iowa (Dr. Richard D. Wells, President, W. Harold Hartman, Secretary), et al., Appellees.

No. 2–56634.

Supreme Court of Iowa.

May 21, 1975.

Earl E. Fosselman, Sumner, for appellants.

George Lindeman, Waterloo, for appellees.

Heard by MOORE, C. J., and MASON, LeGRAND, REES and McCORMICK, JJ.

MOORE, Chief Justice.

Plaintiffs Stephen A. Fosselman, a minor, by his father and next friend Earl E. Fosselman and Earl E. Fosselman appeal from judgment on jury verdicts for defendants in their action to recover damages and expenses resulting from personal injuries sustained by Stephen while participating in a physical education class.

September 20, 1968 Stephen, then age 14, was participating in a game of "bombardment" in the ninth grade physical education class at Logan Junior High School in Waterloo, taught by defendant Frank C. Guild. To play "bombardment" the class of 45 to 60 boys was divided into two teams. Each team lined upon on opposite ends of the basketball court. Four or five partially deflated volley balls were placed in the center of the court, and when a whistle was blown by Guild several players from each team raced to the center. Players gaining control of the volley balls were to return to a "free line" before they were allowed to throw balls at opponents, who were required to leave the game when struck by a ball between the knees and neck. Also any utterance by a player required he leave the game. The object was to remain in the game until all opponents were "out". Class members had been taught the game and frequently requested it be played.

Stephen was injured at the start of the game. As he reached the center of the court and bent over to pick up a ball an unidentified player's knee struck his face. At the time of injury Guild was either participating in the game or observing the activity from a platform at the side of the court. He did not observe the accident. Stephen left the game in a dazed condition and was later found in the locker room by Guild and fellow students. He then related how he had been injured. A later medical examination disclosed four fractures of facial bones, a depressed sinus and bruises to the left eye and surrounding area. The fractures were repaired and the doctor's report concluded Stephen sustained no permanent injury.

Plaintiffs filed their petition December 19, 1968, naming as defendants the school district, its board of directors, the individual members of the board, the superintendent of schools for the school district, the director of health and physical education, the principal of the school involved and the teacher of the class, Guild.

The petition contained four divisions. The first and second stated Stephen's claim and the third and fourth that of the father. Divisions I and III in part alleged:

"Par. 7. That the defendants, and each of them were negligent in each and all of the following respects, to-wit:

"a. In permitting the game of "bombardment" to be played as a part of a physical education class and in requiring Stephen A. Fosselman to take part in said game.

"b. In failing to provide proper supervision during said physical education class so as to prevent injury to said Stephen A. Fosselman.

"c. In permitting the game of "bombardment" to be played as a part of a required physical education class when they knew, or in the exercise of reasonable care should have known, that said game as played on the 20th day of September, 1968, at Logan Junior High School was a dangerous game and likely to cause injury to participants."

Divisions II and IV involved the doctrine of res ipsa loquitur.

January 28, 1969 defendants filed their "Motion to Dismiss and Motion to Strike." Division I of the motion urged six grounds in support of a motion to dismiss the action against all defendants except the school district. Division II contained a motion to strike paragraph 7(a) of division I and the same as incorporated in division III of the petition, that portion of paragraph 7(b) of division I and the same as incorporated in division III of the petition which stated " * * * so as to prevent injury to said Stephen A. Fosselman," and divisions II and IV, invoking res ipsa loquitur. Two separate grounds were urged in support of the motion to strike divisions II and IV.

Plaintiffs on February 4, 1969 filed their "Resistance to Motions to Dismiss and Strike," urging denial of the motions and seeking entry of default judgment against each defendant on the ground the motion was not timely filed.

On March 4, 1969 Judge Blair C. Wood sustained both divisions of defendants' motion to dismiss and strike.

March 11, 1969 plaintiffs renewed their resistance to defendants' motion to dismiss and strike and again moved for default judgment. After hearing, Judge Wood made this entry: "It is ordered that said (plaintiffs') motion is sustained to the extent that the court reinstates Frank C. Guild as a defendant in this action; otherwise, plaintiffs' said motion is overruled."

After filing of answer and reply the case was tried to a jury. At the close of all evidence defendants moved to strike the allegations of negligence contained in paragraphs 7(b) and 7(c). The motion was granted as to paragraph 7(b) but denied as to paragraph 7(c). The jury returned verdicts in favor of defendants.

Plaintiffs on their appeal present five issues. We consider them infra in the order of plaintiffs' assignment.

I. First plaintiffs assert "It was error for the court to strike the counts based on res ipsa loquitur and such possibility should not have been considered until all the evidence had been heard."

Res ipsa loquitur is a rule of evidence which, when applied, permits but does not compel an inference that defendant was negligent. Clippinger v. Becker, Iowa, 220 N.W.2d 879, 881. Under the doctrine the happening of an injury permits an inference of negligence where plaintiff produces substantial evidence that (1) the injury is caused by an agency or instrumentality under the exclusive control and management of defendant and (2) the occurrence is such as in the ordinary course of things would not happen if reasonable care had been used. Clippinger v. Becker, supra; Palleson v. Jewell Cooperative Elevator, Iowa, 219 N.W.2d 8, 13; Fischer, Inc. v. Standard Brands, Inc., Iowa, 204 N.W.2d 579, 583. Unless both elements are present the doctrine does not apply. Wiles v. Myerly, Iowa, 210 N.W.2d 619, 625, and citations.

Plaintiffs argue the court erred in ruling on the applicability of the doctrine of res ipsa loquitur prior to the introduction of any evidence. We assume arguendo the pleadings were sufficient to raise the doctrine.

The doctrine of res ipsa loquitur is not a rule of law but rather an evidentiary principle which normally is determined at conclusion of trial. McCann v. Baton Rouge General Hospital, La., 276 So.2d 259, 261; Sharon v. Connecticut Fire Insurance Company, La.App., 270 So.2d 900, 904. However, this cannot be of any real comfort to plaintiffs in view of undisputed facts which they established at trial.

Stephen testified he and the class had previously played "bombardment" and detailed how he had been injured when another player's knee struck his face. Unfortunately he was injured while engaging in a physical education class activity. Plaintiffs failed to produce substantial evidence of either essential element requiring submission of the doctrine of res ipsa loquitur to the jury. Plaintiffs were not preju-

diced by the ruling entered before trial. Plaintiffs' first assignment is untenable.

II. Plaintiffs next assert: "It was error for the court to strike two of the three specifications of negligence from the petition."

■ Paragraph 7(a) was properly stricken as it was repetitious of 7(c), both set out above. Grosjean v. Spencer, 258 Iowa 685, 696, 140 N.W.2d 139, 146. Rule 113, Rules of Civil Procedure provides: "Improper or unnecessary matter in a pleading may be stricken out on motion of the adverse party."

Paragraph 7(b), alleging negligent supervision of the physical education class was stricken in part prior to trial. The remaining portion was stricken on defendants' motion at the close of all evidence on the ground there was insufficient evidence of negligent supervision to submit the issue to the jury.

"Whether a specification of negligence should be submitted depends, of course, upon the evidence which supports it." Andrews v. Struble, Iowa, 178 N.W.2d 391, 397; Cavanaugh v. Jepson, Iowa, 167 N.W.2d 616, 619.

There was uncontradicted evidence the instructor, defendant Guild, explained the rules of the game to the students at the beginning of the school year prior to the class' first opportunity to participate in the game. Thereafter at the request of class students it was frequently played prior to the time Stephen was injured. It was uncontradicted Guild made the usual preparations for play on September 20, 1968 and that he blew his whistle to start the game. Stephen testified he was not sure where Guild was at the time of the injury. No evidence was introduced that more than one instructor was needed to provide appropriate supervision of the class or that on prior occasions Guild had any assistance.

■ Giving the testimony the interpretation most favorable to plaintiffs, as we must do, we agree with the trial court's striking of specification 7(b). Plaintiffs failed to establish sufficient evidence of negligent supervision for submission of that issue to the jury.

The recent case of Darrow v. West Genesee Cent. Sch. Dist., 41 A.D.2d 897, 342 N.Y.S.2d 611 cited by plaintiffs in oral argument is readily factually distinguishable. In that case plaintiff was injured when ten-year old boys were permitted to play soccer in a gym class without any prior demonstration or explanation of the game. There was also expert testimony that reasonable care required demonstration and explanation of the game.

III. Plaintiffs' third assignment asserts: "It was error for the court to overrule appellants' motion to strike defendants' motions before answer and appellants' motion for default."

On December 20, 1968 all defendants were served original notice of this action except one defendant who was served the following day. They were required to appear in 20 days. Rule 53(b), R.C.P. Written appearance was filed January 2, 1969. Defendants' motion to dismiss and strike was filed January 28, 1969. This was more than seven days after appearance date as allowed by rule 85(a), R.C.P.

Plaintiffs argue their motion to strike defendants' motions and for default under strict construction of rule 85(a) should have been sustained. Defendants argue plaintiffs waived any objections they had to late filing by acquiescing in the time lapse, noting no motion for default was filed until after defendants' motion to dismiss and strike.

We have consistently recognized the flexibility in time filing periods fixed by rule 85 and the trial court's discretion in not requiring strict compliance therewith. Morf v. Washburn, 250 Iowa 759, 761, 94 N.W.2d 756, 757; Sexton v. Clay Equipment Co., 242 Iowa 675, 677, 47 N.W.2d 792; Bombei v. Schafer, 242 Iowa 619, 626, 47 N.W.2d 842, 847; City of Des Moines v. Barnes, 237

Iowa 6, 10, 20 N.W.2d 895, 897. An excellent discussion of this court's application of rule 85 appears in 1 Iowa Practice, section 11.04, pages 172 to 176.

■ We hold the lower court did not abuse its discretion in overruling plaintiffs' motion to strike and for default.

IV. Plaintiffs' fourth assigned error asserts: "It was error for the court to dismiss the petition as to all the defendants except the school district and the teacher."

Plaintiffs' petition leaves doubt as to their theory of recovery against those parties other than the district and the instructor, Guild. Defendants' assertion the petition failed to state a cause of action against them was clearly stated.

The general rule is thus stated in 78 C.J.S. Schools and School Districts § 129d, page 931:

"School officers, or members of the board of education, or of directors, trustees, or the like, of a school district or other local school organization are not personally liable for the negligence of persons rightfully employed by them in behalf of the district, and not under the direct personal supervision or control of such officer or member in doing the negligent act, since such employee is a servant of the district and not of the officer or board member, and the doctrine of respondeat superior accordingly has no application, and members of a district board are not personally liable for the negligence or other wrong of the board as such. A school officer or member of a district board is, however, personally liable for his own negligence or other tort, or that of an agent or employee of the district when acting directly under his supervision or by his direction; but such officers or members are not liable for injuries where their negligence was not the proximate cause thereof."

See also Vendrell v. School District No. 26C Malheur County, 226 Or. 263, 360 P.2d 282, 285–287.

Dismissal of plaintiffs' action against all defendants except the school district and instructor was based on rule 104(b), R.C.P., which provides:

"Failure to state a claim on which any relief can be granted, may be raised by motion to dismiss such claim, filed before answer."

■ We believe plaintiffs failed to state a claim in their petition against these other defendants.

Plaintiffs' fourth assignment of error is without merit.

V. Plaintiffs' fifth and last assignment of error asserts: "The verdicts of the jury were in conflict with the evidence, particularly that offered by the appellees."

■ No authority is cited in plaintiffs' brief in support of this assignment of error. Therefore it need not be reviewed. State v. Mattingly, Iowa, 220 N.W.2d 865, 871; Ingham v. Dairyland Mutual Insurance Company, Iowa, 215 N.W.2d 239 and citations in each.

■ It should be noted however the only issue submitted to the jury was based on paragraph 7(c) of plaintiffs' petition. Much evidence was introduced by defendants that "bombardment" was being played in the surrounding junior high schools and it was recognized as a proper activity in physical education classes. To hold the jury verdicts on this issue were contrary to the evidence would require a holding plaintiffs had proved the alleged negligence as a matter of law. We are not inclined to so hold under the record made in the lower court.

We have considered plaintiffs' many contentions and find no reversible error.

Affirmed.