■ MEI KAY CHAN et al., Respondents-Appellants, v CITY OF YONKERS et al., Appellants-Respondents. [824 NYS2d 380]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Murphy, J.), entered March 14, 2005, as denied their motion for summary judgment dismissing the complaint, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, without costs or disbursements.

The infant plaintiff was allegedly injured while playing basketball during gym class at the defendants' school, when he struck the concrete wall of the gym, after colliding with another player as both chased the ball out-of-bounds. His mother, suing individually and on behalf of the injured plaintiff, subsequently commenced this action against the defendants, alleging negligent supervision and negligent design in failing to install padding on the walls of the gym. After discovery was completed, the defendants moved for summary judgment dismissing the complaint, and the plaintiffs cross-moved for summary judgment on the issue of liability. The Supreme Court properly denied the motion and cross motion because neither the defendants nor the plaintiffs established their entitlement to judgment as a matter of law by eliminating the existence of triable issues of fact.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). Whether a student is properly supervised "depends largely on the circumstances attending the event" (*Farrukh v Board of Educ. of City of N.Y.*, 227 AD2d 440, 441 [1996]). Here, there is a question of fact as to whether the infant plaintiff's gym teacher gave adequate safety instructions, given that the teacher had earlier expressed concern as to the lack of padding on the gym walls (*see Merkley v Palmyra-Macedon Cent. School Dist.*, 130 AD2d 937 [1987]; *Darrow v West Genesee Cent. School*

*Dist.,* 41 AD2d 897 [1973]). There is also an issue of fact as to whether the defendants were negligent in failing to install padding on the walls of the gymnasium.

Accordingly, the Supreme Court properly denied summary judgment to both parties. Schmidt, J.P., Adams, Dillon and Covello, JJ., concur.