Tutaj v Seaford Union Free Sch. Dist. (2020 NY Slip Op 00451)





Tutaj v Seaford Union Free Sch. Dist.


2020 NY Slip Op 00451


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-01614
 (Index No. 600306/14)

[*1]Robert Tutaj, etc., et al., respondents-appellants,
v
Seaford Union Free School District, et al., appellants-respondents.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Christine Gasser of counsel), for appellants-respondents.
Mallilo & Grossman, Flushing, NY (Jessica Kronrad of counsel), for respondents-appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for negligent supervision, etc., the defendants appeal, and the plaintiffs cross-appeal, from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered January 26, 2017. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint. The order, insofar as cross-appealed from, denied that branch of the plaintiffs' cross motion which was for leave to amend their bill of particulars so as to allege a violation of Department of Education Regulations (8 NYCRR) § 136.3(a)(6).
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In February 2013, Joseph Z. Tutaj (hereinafter the decedent), then a 10th grade student at Seaford High School, was on a school sponsored trip in California. While on the trip, the decedent became ill and later died. The decedent's parents, individually and on behalf of the decedent's estate, commenced this action against the Seaford Union Free School District and the individuals who chaperoned the trip, alleging, inter alia, negligent supervision.
The defendants moved for summary judgment dismissing the complaint, and the plaintiffs cross-moved, among other things, for leave to amend their bill of particulars so as to allege a violation of Department of Education Regulations (8 NYCRR) § 136.3(a)(6). The Supreme Court denied the defendants' motion and the plaintiffs' cross motion.
"As a general matter, [s]chools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Nash v Port Wash. Union Free School Dist., 83 AD3d 136, 146 [internal quotation marks omitted]). "A school district has the duty to exercise the same degree of care and supervision over pupils under its control as a reasonably prudent parent would exercise under the same circumstances" (Lisa P. v Attica Cent. School Dist., 27 AD3d 1080, 1081). "The duty owed derives from the simple fact that a school, in assuming physical custody and control over its students, [*2]effectively takes the place of parents and guardians" (Mirand v City of New York, 84 NY2d 44, 49). "The standard for determining whether this duty was breached is whether a parent of ordinary prudence placed in the identical situation and armed with the same information would invariably have provided greater supervision" (Mary KK. v Jack LL., 203 AD2d 840, 841-842). "Although during school hours the standard is that of the reasonably prudent parent, a lesser standard, that of the reasonable and prudent person, is applicable in the context of a student's voluntary participation in an intramural or extracurricular school sport" (Hansen v Bath & Tennis Mar. Corp., 73 AD3d 699, 701).
Contrary to the defendants' contention, the "reasonably prudent parent" standard applies to the circumstances of this case, rather than the less rigorous "reasonably prudent person" standard (see Nash v Port Wash. Union Free School Dist., 83 AD3d at 147-148; David v City of New York, 40 AD3d 572). Moreover, the defendants failed to establish their prima facie entitlement to judgment as a matter of law. Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion, without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ Med. Ctr., 64 NY2d 851, 853).
We further agree with the Supreme Court's determination to deny that branch of the plaintiffs' cross motion which was for leave to amend their bill of particulars so as to allege a violation of Department of Education Regulations (8 NYCRR) § 136.3(a)(6) (see CPLR 3025[b]).
DILLON, J.P., COHEN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court