A.C. v Brentwood Union Free Sch. Dist. (2021 NY Slip Op 00409)





A.C. v Brentwood Union Free Sch. Dist.


2021 NY Slip Op 00409


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-05106
 (Index No. 22954/14)

[*1]A.C., etc., plaintiff, 
v
Brentwood Union Free School District, et al., appellants.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated March 13, 2019. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
The infant plaintiff allegedly was injured during gym class when he fell off a zip line at the defendant Twin Pines Elementary School, which is located within the defendant Brentwood Union Free School District (hereinafter together the defendants). The infant plaintiff, by his mother and natural guardian, commenced this action, alleging that the defendants were negligent in their supervision of the infant plaintiff and in failing to instruct him on the safe use of the zip line. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendants appeal. We affirm.
A school district owes a duty to its students to exercise the same degree of care as would a parent of ordinary prudence under similar circumstances (see Lawes v Board of Educ. of City of N.Y., 16 NY2d 302, 305; Destiny S. v John Quincy Adams Elementary Sch., 98 AD3d 1102, 1102). "The duty owed derives from the simple fact that a school, in assuming physical custody and control over its students, effectively takes the place of parents and guardians" (Mirand v City of New York, 84 NY2d 44, 49; see Tutaj v Seaford Union Free Sch. Dist., 179 AD3d 968, 969). The duty to provide adequate supervision includes the duty to instruct students in physical education classes as to the safe use of equipment (see Mei Kay Chan v City of Yonkers, 34 AD3d 540, 541; Merson v Syosset Cent. School Dist., 286 AD2d 668, 668; Darrow v West Genesee Cent. School Dist., 41 AD2d 897, 897).
We agree with the Supreme Court's determination to deny the defendants' motion for summary judgment. The defendants' own submissions raised triable issues of fact as to whether the infant plaintiff was adequately supervised and instructed on the safe use of the zip line prior to his fall (see Mei Kay Chan v City of Yonkers, 34 AD3d at 541; Merson v Syosset Cent. School Dist., 286 AD2d at 668). Accordingly, the defendants' motion was properly denied (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, A.P.J., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court