Genova v Town of Clarkstown (2021 NY Slip Op 03444)





Genova v Town of Clarkstown


2021 NY Slip Op 03444


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SYLVIA O. HINDS-RADIX
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-07178
 (Index No. 30538/17)

[*1]Diane Genova, etc., appellant, 
v
Town of Clarkstown, defendant, Clarkstown Central School District, et al., respondents.


Diane Genova, West Nyack, NY, appellant pro se.
Henderson & Brennan, White Plains, NY (Lauren J. Demase of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Kathie E. Davidson, J.), dated April 8, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants Clarkstown Central School District and Strawtown Elementary School which was for summary judgment dismissing the cause of action alleging negligent supervision insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Clarkstown Central School District and Strawtown Elementary School which was for summary judgment dismissing the cause of action alleging negligent supervision insofar as asserted against them is denied.
C. G., an infant, allegedly was injured during recess when she fell off a zip line at the defendant Strawtown Elementary School, which is located within the defendant Clarkstown Central School District (hereinafter together the defendants). C. G.'s mother, on behalf of C. G. and individually, commenced this action alleging, inter alia, that the defendants were negligent in their supervision of C. G. The defendants moved, among other things, for summary judgment dismissing the cause of action alleging negligent supervision insofar as asserted against them. The Supreme Court, inter alia, granted that branch of the defendants' motion, and the plaintiff appeals. We reverse.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49; see Gaston v East Ramapo Cent. Sch. Dist., 165 AD3d 761, 762; RT v Three Vil. Cent. Sch. Dist., 153 AD3d 747, 747-748). "A school has a duty to exercise the same degree of care toward its students as would a reasonably prudent parent" (Diana G. v Our Lady Queen of Martyrs Sch., 100 AD3d 592, 593). The duty to provide adequate supervision includes the duty to instruct students as to the safe use of playground equipment (see A.C. v Brentwood Union Free Sch. Dist., 190 AD3d 925, 926; Mei Kay Chan v City of Yonkers, 34 AD3d 540, 541; Merson v Syosset Cent. School Dist., 286 AD2d 668, 669).
As the plaintiff correctly contends, the defendants' submissions failed to eliminate triable issues of fact as to whether C. G. was adequately instructed on the safe use of the zip line prior to her fall and whether the instruction that students were allowed to have another student "give them a head start push" across the zip line was appropriate. Accordingly, that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligent supervision insofar as asserted against them should have been denied, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
LASALLE, P.J., HINDS-RADIX, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court