A. R. v Bay Shore Union Free Sch. Dist. (2023 NY Slip Op 04389)

A. R. v Bay Shore Union Free Sch. Dist.

2023 NY Slip Op 04389

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-04271
 (Index No. 604311/19)

[*1]A. R., etc., et al., respondents, 
v
Bay Shore Union Free School District, appellant.

Congdon, Flaherty, O'Callaghan, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley and Michael Reagan of counsel), for appellant.
Siben & Siben, LLP, Bay Shore, NY (Alan G. Faber of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated May 21, 2021. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The infant plaintiff allegedly was injured during a gym class golfing activity at the South Country Elementary School, which is within the defendant, Bay Shore Union Free School District. The infant plaintiff's partner swung a hard plastic golf club back, and hit the infant plaintiff in the mouth.
The infant plaintiff, by her grandmother, and her grandmother suing individually and derivatively, commenced this personal injury action, alleging, inter alia, that the defendant was negligent in its supervision of the infant plaintiff. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendant appeals. We affirm.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49; see Genova v Town of Clarkstown, 195 AD3d 598, 598; Mei Kay Chan v City of Yonkers, 34 AD3d 540, 541). "A school district owes a duty to its students to exercise the same degree of care as would a parent of ordinary prudence under similar circumstances" (A.C. v Brentwood Union Free Sch. Dist., 190 AD3d 925, 926; see Lawes v Board of Educ. of City of N.Y., 16 NY2d 302, 305; Tutaj v Seaford Union Free Sch. Dist., 179 AD3d 968, 969-970). "The duty to provide adequate supervision includes the duty to instruct students in physical education classes as to the safe use of equipment" (A.C. v Brentwood Union Free Sch. Dist., 190 AD3d at 926; see Genova v Town of Clarkstown, 195 AD3d at 598; Mei Kay Chan v City of Yonkers, 34 AD3d at 541).
The Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. The defendant failed to establish, prima facie, that the infant plaintiff was [*2]adequately supervised and instructed as to the safe use of the golfing equipment and proper positioning on the field prior to her injury (see Mirand v City of New York, 84 NY2d at 49; Genova v Town of Clarkstown, 195 AD3d at 598; A.C. v Brentwood Union Free Sch. Dist., 190 AD3d at 926; Mei Kay Chan v City of Yonkers, 34 AD3d at 541). At his deposition, the gym class teacher was unable to testify as to, inter alia, the specifics of the lesson plan or the safety instructions he provided, and did not recall if the students who had received their clubs were properly positioned on the field.
Additionally, the defendant failed to establish, prima facie, that any lack of adequate supervision was not a proximate cause of the infant plaintiff's injuries or that the partner's conduct was an unforeseeable, intervening act for which it cannot be held liable (see J.S. v Ramapo Cent. Sch. Dist., 205 AD3d 947, 948-949; Cruz-Martinez v Brentwood Union Free Sch. Dist., 147 AD3d 722, 723; see generally Mirand v City of New York, 84 NY2d at 49-50).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint, without regard to the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court